UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN SIEGNER,

        Plaintiff,

v.                                      Civil Case No. 14-11579
                                       Honorable Linda V. Parker

SALEM TOWNSHIP,
MARCIA VANFOSSEN,
DAVID TRENT, ROBERT
HEYL, PAUL UHEREK,
SUSAN BEJIN, and JIM
RACHWAL,

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S APRIL 29, 2015 ORDER

Plaintiff filed this lawsuit against Defendants on April 21, 2014, alleging retaliation in violation of federal and state law.  On April 10, 2015, Plaintiff filed a "Motion to Extend Discovery for Plaintiff, Only, and to Compel the Production of Witness[es] Gary Whittaker and Pat Belanger for their Depositions."  (ECF No. 46.)  The motion has been fully briefed.  In response to the motion, Defendants concede that Plaintiff should be permitted to depose Whittaker and Belanger, although not on the date previously proposed by Plaintiff, and take the position that if discovery is extended, it should be extended for Defendants as well.  (ECF No.

47 at 2, 4, 5.) Defendants contend that they should be permitted to depose an additional twenty-three individuals. (Id. at 5-6.)

This Court referred Plaintiff's motion to Magistrate Judge David R. Grand for disposition on April 23, 2015. (ECF No. 50.) On April 29, 2015, Magistrate Judge Grand issued an order granting Plaintiff's motion and giving Plaintiff until May 15, 2015 to depose Whittaker and Belanger. Magistrate Judge Grand rejected Defendants' request that discovery be extended for both sides and that Defendants be permitted to depose twenty-three additional individuals. Defendants filed an objection to Magistrate Judge Grand's decision on May 4, 2015. (ECF No. 52.)

In their objection, Defendants ask this Court to:

(1) vacate or modify Magistrate Judge Grand's order to extend discovery for Defendants too;

(2) clarify whether defense counsel will be allowed to ask questions and state legal objections on the record during Whittaker's and Belanger's depositions "without having to fear an order of sanctions from the Magistrate Judge";

(3) "order the Magistrate [Judge] to retract all of the personal attacks directed toward defense counsel, and to retract his false allegations against defense counsel . . ."; and,

(4) "order the Magistrate [Judge] to conduct all future hearings, and to issue all future rulings, with impartiality, and without bias toward either party[.]"

(Defs.' Obj. at Pg ID 466-67, ECF No. 52.) As set forth below, this Court has the authority to only decide whether the magistrate judge's ruling was clearly

2

erroneous or contrary to law.  It does not clarify or strike portions of another judicial officer's decisions.  Nor does it instruct another judicial officer with respect to how he or she should conduct his or her proceedings.  In any event, under the circumstances presented, this Court would not be in the least bit inclined to admonish Magistrate Judge Grand in the manner Defendants request, even if it had the power to do so.

     Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) provide the standard of review this Court must apply when objections are filed with respect to a magistrate judge's ruling on nondispositive matters.  The rule provides in relevant part: "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  Applying this standard, the Court rejects Defendants' objection to Magistrate Judge Grand's order.  Magistrate Judge Grand's decision was neither clearly erroneous nor contrary to law.

     As an initial matter, Defendants spend a considerable portion of their brief in support of their objection bemoaning Magistrate Judge Grand's March 16, 2015 decision granting in part and denying in part their motion to amend the scheduling order.  The time for appealing that decision has long passed, however.  *See* 28 U.S.C. § 636(b)(1) (instructing that objections to a magistrate judge's

nondispositive ruling must be filed within fourteen days of service); Fed. R. Civ. P. 72(a) (same). Defendants' complaint about Magistrate Judge Grand's more recent decision is directed at his extension of discovery for one party, only, and thus his rejection of Defendants' request to depose twenty-three additional individuals. This decision was neither clearly erroneous nor contrary to law.

"District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)). Thus if Magistrate Judge Grand found good cause to allow Plaintiff to conduct limited, additional discovery, but found that Defendant failed to establish good cause for its requested additional discovery, he had the discretion to extend discovery for Plaintiff, only. Defendants only requested to depose the additional individuals *in response to* Plaintiff's motion to depose Whitaker and Belanger. Yet Defendants indicate that the need to depose these individuals was made apparent when they were mentioned during Plaintiff's and Defendant Jim Rachwal's depositions on April 3, 2015. Moreover, Defendants do not explicitly explain why they need to depose these individuals. Finally, as Magistrate Judge Grand points out, many (if not all) of the individuals are within Defendants' control and thus Defendants can obtain whatever information they seek from them

and submit their affidavits to the extent such information needs to be presented in pretrial proceedings.

For these reasons, the Court sees no reason to set aside or modify Magistrate Judge Grand's decision. However, to the extent the pendency of Defendants' objection interfered with Plaintiff's completion of Whittaker's or Belanger's depositions by the deadline imposed by Magistrate Judge Grand, Plaintiff shall have until 5:00 p.m. on the fourteenth day following the filing of this decision to do so.

Accordingly,

**IT IS ORDERED**, that Defendants' objection to Magistrate Judge Grand's April 29, 2015 Order is **DENIED**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: June 1, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 1, 2015, by electronic and/or U.S. First Class mail.

                                        s/ Richard Loury
                                        Case Manager